IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS PIERETTI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DENT ENTERPRISES, INC., et al. | : | NO. 11-2179 |

MEMORANDUM

Bartle, J.  December 21, 2011

    Plaintiff Dennis Pieretti has filed this diversity action against his former employer, Dent Enterprises, Inc. ("Dentco"),[1] and its Chief Executive Officer, Kevin Dent. In Counts I and II of his Amended Complaint, Pieretti alleges that Dent and Dentco failed to compensate him in accordance with the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 Pa. Cons. Stat. Ann. §§ 333.101-333.115, and violated the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Cons. Stat. Ann. §§ 260.1-260.45. Pieretti further alleges in Counts III and IV of the Amended Complaint that Dentco engaged in breach of contract and wrongful discharge under Pennsylvania common law.

    Before the court is the motion of defendant Kevin Dent, a citizen of Michigan, to dismiss Counts I and II of the complaint as to him under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Defendant

---

1. In its motion, Dent Enterprises, Inc. refers to itself as "Dentco." We will follow this practice.

Dentco also has moved to dismiss Count IV of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

I.

The party invoking federal jurisdiction, in this case the plaintiff, bears the burden of proving that the court has personal jurisdiction over each defendant. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004); Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992); see also Hertz Corp. v. Friend, 130 S. Ct. 1181, 1194 (2010). In a case such as this, where no evidentiary hearing has been held, we accept all of the plaintiff's allegations as true and draw all inferences in the plaintiff's favor. O'Conner v. Sandy Lane Hotel Co., 496 F.3d 312, 316-17 (3d Cir. 2007); Carteret, 954 F.2d at 142 n.1. Nonetheless, the plaintiff must allege "specific facts" rather than vague or conclusory assertions to demonstrate the existence of jurisdiction. Marten v. Godwin, 499 F.3d 290, 298 (3d Cir. 2007).

When deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true all factual allegations in the pleading and draws all inferences in the light most favorable to the nonmoving party. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). We then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.

662, ---, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim must do more than raise a "'mere possibility of misconduct.'" <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (quoting <u>Iqbal</u>, 129 S. Ct. at 1950).

II.

The following facts are undisputed or are viewed in the light most favorable to Pieretti, the non-moving party.

Dentco is a Michigan corporation with its principal place of business in that state. Dentco provides "exterior facility services to commercial property owners and tenants" in Pennsylvania and in other states. Dentco hires subcontractors that provide maintenance to the exterior facilities of Dentco's customers. Pieretti began working for Dentco in February 2004 in a position referred to in the record as both a Quality Services Manager and a Quality Assurance Manger. In this position, Pieretti inspected the properties of Dentco's customers and photographically documented the results of those inspections.

In executing his duties, Pieretti regularly worked more than 40 hours per week. Pieretti alleges he was entitled to overtime compensation of time-and-a-half under the PMWA for the hours he worked each week in excess of 40 but did not receive such wages. Pieretti maintains that he repeatedly complained about Dentco's PMWA violations and that Dentco fired him in 2008

in retaliation for these complaints.[2] Dentco purportedly attempted to justify its improper termination by telling Pieretti that he and other Quality Assurance Mangers were terminated as part of a corporate restructuring. According to the Amended Complaint, this restructuring involved eliminating the Quality Services Manager position and creating a part-time Quality Services Inspector position. Pieretti asserts that his retaliatory termination violated the public policy of Pennsylvania as expressed in the PMWA.

At all times relevant to this action, defendant Kevin Dent was the CEO and a ten percent owner of Dentco.[3] In that role, Dent is responsible for the "day-to-day" operations of Dentco, which includes making decisions about the restructuring of Dentco's workforce. Dent does not recall whether he was involved in hiring Pieretti, but Dent did inform Pieretti of his termination during a conference call on which Dent participated from his office in Michigan.[4]

In answers to interrogatories, Dent stated that he "does not determine the specific rates of pay for each employee

---

2. Pieretti does not allege the person to whom he directed these complaints.

3. Some of our discussion of the relationship among Dent, Dentco, and Pieretti is based on Dent's responses to interrogatories propounded by Pieretti. We credit these answers even though Dent failed to sign them as required by Rule 33(b)(5) of the Federal Rules of Civil Procedure.

4. Dent stated in his deposition that Pieretti was one of many persons present on a conference call in which he terminated all Quality Services Managers as part of a corporate restructuring.

of [Dentco]. Dent approves all rate changes in writing for each employee of [Dentco]." Dent did not set Pieretti's wages, but he is responsible for "the determination of classifications of categories of employees." We presume from this statement that Dent determined which Dentco employees were exempt from wage and hour laws.

Dent does not own any real property or other assets in Pennsylvania or any interest in a business incorporated in Pennsylvania. Although Dent has never visited the Commonwealth for leisure, he has traveled to Pennsylvania for business in order to recruit business and to maintain a relationship with one particular Dentco customer. Dent has never met with employees on his trips to Pennsylvania. He made nine visits to the Commonwealth between 2005 and 2011, making one or two trips per year. The majority of his visits lasted only one night. In total, Dent has spent 12 days in Pennsylvania since 2005.

Dent's longest trip to Pennsylvania occurred during 2009, when Dent presented a local civic organization in the town of Punxsutawney with a bronze statue of Punxsutawney Phil, a groundhog reputed to appear on Groundhog Day and by his behavior to foretell the coming of an early spring or an additional six weeks of winter. Dent presented this statute on behalf of Dentco as a promotional endeavor for the company.

Dent met with Pieretti an average of one time per year, but these meetings took place in Michigan. Dent and Pieretti exchanged sporadic emails and phone calls during Pieretti's

employment. There is no allegation that these phone calls or emails concerned the pecuniary terms of Pieretti's employment. Once a month, Dent hosted a conference call with Quality Assurance Managers from across the country. Dent hosted such conference calls from Michigan, and Pieretti participated in such calls from Pennsylvania.

In addition to Dent's trips to Pennsylvania, Dentco communicates with its Pennsylvania customers and subcontractors in newsletters that are transmitted electronically from the office of Dentco's Florida-based advertising firm. These quarterly communications feature a "Letter from Kevin Dent," in which he talks about the status of Dentco's business, new initiatives, subcontractor surveys, the volume of work subcontractors recently performed for Dentco customers, and the weather for the coming quarter. The newsletters reach approximately 2,160 customers, potential customers, and subcontractors nationally. It is unknown how many of the recipients are in Pennsylvania.

III.

We begin with the question whether this court may exercise personal jurisdiction over defendant Dent. A federal district court sitting in a diversity action may assert personal jurisdiction over a nonresident of the state in which the court sits only to the extent authorized by the law of that state. Fed. R. Civ. P. 4(k)(1)(A). Pennsylvania's long-arm statute provides for jurisdiction coextensive with that allowed by the

Due Process Clause of the Constitution. 42 Pa. Cons. Stat. Ann. § 5322(b).

Under the due process clause, we may exercise personal jurisdiction only over defendants who have "certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation omitted). A parallel inquiry is whether the defendant's contacts with the forum state are such that the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Two bases exist upon which a federal district court may exercise personal jurisdiction over a nonresident defendant. "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." Marten, 499 F.3d at 296 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 nn.8-9 (1984)); see Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 n.1 (3d Cir. 2002). Specific jurisdiction arises when the plaintiff's claim stems from or relates to conduct purposely directed at the forum state. Marten, 499 F.3d at 296 (citing Hall, 466 U.S. at 414-15 nn.8-9).

To determine whether specific jurisdiction exists, we engage in a three-part inquiry. D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 102-03 (3d Cir. 2009).

> First, the defendant must have purposefully
> directed [his] activities at the forum.
> Second, the litigation must arise out of or
> relate to at least one of those activities.
> And third, if the first two requirements have
> been met, a court may consider whether the
> exercise of jurisdiction otherwise comports
> with fair play and substantial justice.

Id. (internal quotations, alternations, and citations omitted). The second prong of this test is not satisfied because Dent's contacts with and activities in Pennsylvania do not relate to Pieretti's claims against him under the PMWA or the WPCL. Dent has visited Pennsylvania and has made phone calls and sent emails to Pennsylvania to generate business for Dentco. These activities did not concern Pieretti's entitlement to or receipt of overtime wages. Although Dent made the decision to classify Pieretti as exempt from minimum wage requirements, there is no evidence Dent made that decision while present in Pennsylvania. In such circumstances, this court has refused to find specific jurisdiction. See Hunt v. Custom Cable Indus., No. 10-2625, 2011 U.S. Dist. LEXIS 60994, at *11-*13 (E.D. Pa. June 7, 2011); Sudofsky v. JDC Inc., No. 03-1491, 2003 U.S. Dist. LEXIS 18094, at *8 (E.D. Pa. Sept. 8, 2003); Cent. Pa. Teamsters Pension Fund v. Burten, 634 F. Supp. 128, 131-32 (E.D. Pa 1986).

Pieretti argues, and Dent does not dispute, that as the CEO of Dentco, Dent is within the definition of "employer" in the PMWA and the WPCL. The WPCL defines "employer" to include "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or

officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 Pa. Cons. Stat. Ann. § 260.2a. The PMWA has a similarly expansive definition of the word "employer." 43 Pa. Cons. Stat. Ann. § 333.103. It is settled, however, that we look only to Dent's contacts with the forum and not to his potential liability under these statutes to determine the existence of personal jurisdiction. Sudofsky, 2003 U.S. Dist. LEXIS 18094, at *8.

This case is distinguishable from Patterson v. Olivet International, Inc., the case on which Pieretti primarily relies. No. 09-1089, 2009 WL 4722807, at *4 (W.D. Pa. Dec. 2, 2009). The plaintiff in that case sought to recover from two non-resident defendants under the WPCL, and the defendants moved to dismiss the claim for lack of personal jurisdiction. The non-resident defendants, citizens of Taiwan, had initiated contact with the Pennsylvania plaintiff on behalf of their corporation and personally negotiated the terms of the plaintiff's employment by telephone and email. Id. During plaintiff's employment, one of the non-resident defendants communicated with the plaintiff daily by email. Id. The court found that it had specific jurisdiction over the non-resident defendants on plaintiff's WPCL claim because plaintiffs' employment arose from the defendants' contacts with the forum. Id. at *4-*6. Unlike Patterson, there is no allegation or evidence in this case that Dent reached into

Pennsylvania by phone or email to recruit or hire Pieretti for Dentco.[5]

Because none of Dent's contacts with the forum gave rise to the claims in Counts I or II, we lack specific jurisdiction as to those claims.

Pieretti also argues that Dent is subject to this court's general jurisdiction because he has systematic and continuous contacts with Pennsylvania. "[T]he plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). The defendant's contacts with the forum must be "continuous and substantial." Id. Dent has spent only 12 days in Pennsylvania since 2005, and his longest visit was just three days. He does not own property or other assets in Pennsylvania. Dent does not vacation, have friends or family, or vote in the Commonwealth. He makes sporadic telephone calls and sends occasional emails to customers, employees, and subcontractors in Pennsylvania. While he authors the "Letter from Kevin Dent" that appears in Dentco's quarterly newsletters, those publications reach fewer than 2,160

---

5. In a case similar to Patterson, this court held the non-resident defendant's presence in the forum to negotiate the terms of the plaintiff's compensation was an insufficient contact on which to base specific jurisdiction. See Sudofsky v. JDC, Inc., 2003 U.S. Dist. LEXIS 18094, at *8-*9. This court held no personal jurisdiction existed because the actions that allegedly violated the WPCL were not taken in Pennsylvania. Id.

Pennsylvania residents four times per year.[6] These contacts taken together are too insignificant to find that Dent has a "continuous and substantial" presence in this state. Id.; see Lohr v. Kimmel & Silverman, P.C., No. 10-5857, 2011 WL 1603567, at *3-*4 (E.D. Pa. Apr. 28, 2011). Thus, Dent could not reasonably anticipate being haled into court in this district. See World-Wide Volkswagen, 444 U.S. at 297.

We find that we do not have personal jurisdiction over Dent and Counts I and II of the Amended Complaint must be dismissed as to him.

## IV.

Dentco also moves to dismiss Count IV of the Amended Complaint, which alleges that Dentco violated the public policy of Pennsylvania by terminating Pieretti in retaliation for his complaints about the company's overtime pay practices. Pennsylvania law allows employees to bring a claim for wrongful discharge if their termination violates the public policy of the Commonwealth. See, e.g., Hunter v. Port Auth. of Allegheny Cty., 419 A.2d 631, 635-38 (Pa. Super. Ct. 1980); Reuther v. Fowler & Williams, Inc., 386 A.2d 119, 119-21 (Pa. Super. Ct. 1978). However, this cause of action is available only if the employee does not have a statutory remedy for the alleged retaliatory discharge. Wolk v. Saks Fifth Ave., Inc., 728 F.2d 221, 223-24

---

6. Given the national scope of Dentco's operations, these newsletters likely reach substantially fewer than 2,160 Pennsylvania residents.

(3d Cir. 1984); Bruffet v. Warner Commc'n, Inc., 692 F.2d 910, 919 (3d Cir. 1982); see Preobrazhenskaya v. Mercy Hall Infirmary, 71 F. App'x 936, 941 (3d Cir. 2003); Jacques v. Akzo Int'l Salt, Inc., 619 A.2d 748, 752-53 (Pa. Super. Ct. 1993).

The availability of a statutory remedy bars the common law claim for discharge in violation of public policy whether that statutory remedy exists under state or federal law and regardless of whether the plaintiff actually avails himself of that remedy. Wolk, 728 F.2d at 223-24; Preobrazhenskaya, 71 F. App'x at 941; Coyle v. Madden, No. 03-4433, 2003 U.S. Dist. LEXIS 23830, at *13-*16 (E.D. Pa. Dec. 17, 2003). Here, a federal statutory remedy exists. The Fair Labor Standards Act ("FLSA") prevents an employer from retaliating against an employee for, among other things, complaining about the employer's failure to comply with the time-and-a-half requirements imposed by the FLSA. 29 U.S.C. § 215(a)(3).[7]

In Coyle v. Madden, the plaintiff alleged that he was terminated in retaliation for complaints about his employer's failure to pay him time-and-a-half for hours worked per week in excess of 40. Coyle, 2003 U.S. Dist. LEXIS 23830 at *15-*16.

---

7. Our Court of Appeals has not ruled whether internal complaints to an employer about FLSA violations are sufficient to trigger the anti-retaliation provision of 29 U.S.C. § 215(a)(3). See Edwards v. A.H. Cornell & Son, Inc., 610 F.3d 217, 224 n.8 (3d Cir. 2010). Seven Courts of Appeals and this court have held that internal complaints such as those Pieretti made within Dentco give rise to FLSA protection. Id.; Coyle, 2003 U.S. Dist. LEXIS 23830 at *15. Our Court of Appeals also has cited this rule "with approval in dicta." See Edwards, 610 F.3d at 224 n.8 (citing Brock v. Richardson, 812 F.2d 121, 124 (3d Cir. 1987)).

The court dismissed the plaintiff's retaliatory discharge claims under the PMWA and WPCL because the plaintiff had a statutory remedy under the FLSA. Coyle, 2003 U.S. Dist. LEXIS 23830 at *15-*16; see 29 U.S.C. § 215(a)(3). Our Court of Appeals, in an unpublished opinion, also affirmed a district court's dismissal of a claim for retaliatory discharge in violation of Pennsylvania public policy because the plaintiff had a statutory remedy under the FLSA. Preobrazhenskaya, 71 F. App'x at 941.

Pieretti's reliance on Signora v. Liberty Travel, Inc. is misplaced. 886 A.2d 284, 287-92 (Pa. Super. Ct. 2005). In that case, the plaintiff alleged that she was fired in retaliation for complaints to her employer "about the overtime pay she received." Id. at 288. The employer failed to defend the action, and the court entered default judgment. The trial court then held a hearing on damages. On appeal from the award of damages, the employer attempted to contest liability. The court stated:

> [W]e express no opinion either as to the propriety of the application of the time and a half provisions of the Pennsylvania Minimum Wage Act ... and the Wage Payment and Collection Law ... vel non or as to the existence of a cause of action for wrongful termination on behalf of [the plaintiff].

Id. at 292. Thus, this case, on which Pieretti relies, specifically refused to consider whether there exists a cause of action such as is set forth in Count IV of his Amended Complaint.

Accordingly, Count IV will be dismissed.