IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENNIS PIERETTI           :       CIVIL ACTION
                          :
         v.               :
                          :
DENT ENTERPRISES, INC.    :       NO. 11-2179

MEMORANDUM

Bartle, J.                                    February 26, 2013

Plaintiff Dennis Pieretti has sued Dent Enterprises, Inc. ("Dent") for violation of the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Cons. Stat. Ann. § 333.104(c), and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Cons. Stat. Ann. § 260.1. He has also presented a claim for breach of contract. All three claims arise out of Pieretti's employment with Dent as a Quality Assurance Manager ("QAM"). Before the court is Dent's motion for summary judgment pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). After reviewing the evidence, the court makes all

reasonable inferences from the evidence in the light most favorable to the non-movant. In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004). When ruling on a motion for summary judgment, we may only rely on admissible evidence. See, e.g., Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 95 (3d Cir. 1999).

Pieretti alleges that pursuant to the PMWA he was entitled to be paid time and one-half of his regular rate for hours worked over 40 hours in a given workweek. He also contends that aside from any statutory requirement, Dent was contractually obligated to pay him at that level. According to Dent, summary judgment should be granted because plaintiff's position in the company qualified for the PMWA's administrative exemption and thus he was not entitled to additional compensation for overtime hours worked. Dent further argues that it is entitled to summary judgment on the WPCL and breach of contract claims because Pieretti failed to produce evidence that Dent contracted to compensate him for working in excess of 40 hours per week.

The following facts are not in dispute. Dent is an exterior services management ("ESM") company headquartered in DeWitt, Michigan, that provides ESM services to companies across the nation by contracting with subcontractors, known as contract partners ("CPs"), to perform services, such as landscaping and snow removal, for Dent's clients. Pieretti was employed by Dent as a QAM from on or around February 16, 2004 to September 8, 2010. On or around February 3, 2004, Dent's former Human

Resources Director sent a letter to Pieretti offering him the "At-Will salary exempt position" of QAM at Dent. Pieretti signed the letter. Pieretti received an annual salary equivalent to more than $250 per week. No Dent employee ever indicated to Pieretti that he would be paid overtime for hours worked in excess of 40 in a given week.

During the course of his employment with Dent, Pieretti performed the majority of his job duties at the premises of Dent's clients in Pennsylvania, New Jersey, Delaware, and parts of Maryland. When not on site, Pieretti worked from home. Pieretti's job as a QAM consisted of the following duties: identifying CPs who were able to provide the required services for Dent's customers, recommending the CPs he identified to his superiors in Michigan, ensuring that new Dent customers returned the appropriate contractual paperwork to Dent headquarters, performing site inspections at the premises of Dent's customers to assess the CPs' work performance, answering telephone calls from Dent's customers regarding the services for which they had contracted, documenting findings and conclusions from each site inspection in post-inspection reports, communicating deficiencies in the CPs' work to the CPs directly, and, in the case of deficient work, putting a corrective action plan into place and/or recommending to management that the CP be terminated or reprimanded. Pieretti also occasionally performed some manual tasks such as pulling weeds, trimming tree growth, and moving items to access storage sheds while conducting site inspections.

Pieretti did not have a pre-set weekly schedule. Instead, he set his own schedule based on the duties he was required to undertake.

We turn first to Pieretti's PMWA claim. The overtime provision of the PMWA requires employers to compensate certain employees for "overtime not less than one and one-half times the employee's regular rate" of pay for all hours worked in excess of 40 in a given workweek. 43 Pa. Cons. Stat. Ann. § 333.104(c). The PMWA contains exemptions to the overtime pay requirement, including an exemption for employees working in a "bona fide... administrative... capacity." 43 Pa. Cons. Stat. Ann. § 333.105(a)(5). The regulations of the Pennsylvania Department of Labor and Industry, which implement the PMWA, define "employment in a bona fide administrative capacity" as work by an individual:

> (1) Whose primary duty consists of the performance of office or nonmanual work directly related to management policies or general operation of his employer or the customers of the employer.
>
> (2) Who customarily and regularly exercises discretion and independent judgment.
>
> (3) Who regularly and directly assists an employer or an employee employed in a bona fide executive or administrative capacity, who performs under only general supervision work along with specialized or technical lines requiring special training, experience, or knowledge, or who executes under only general supervision special assignments and tasks.
>
> (4) Who does not devote more than 20% of time worked in a workweek, or, in the case of an employee of a retail or service establishment, who does not devote more than

> 40% of time worked in the workweek to
> activities which are not directly and closely
> related to the performance of the work
> described in paragraphs (1) -- (3).
>
> (5) Who is paid for his services a salary of
> not less than $155 per week, exclusive of
> board, lodging, or other facilities, provided
> that an employee who is compensated on a
> salary or fee basis at a rate of not less
> than $250 per week, exclusive of board,
> lodging, or other facilities, whose primary
> duty consists of the performance of work
> described in paragraph (1), which includes
> work requiring the exercise of discretion and
> independent judgment, shall be deemed to meet
> all of the requirements of this section.

34 Pa. Code § 231.83.

The issue presented is whether there is a genuine dispute of material fact that Pieretti's position in the company qualified as an exempt position pursuant to the PMWA. We conclude that there is not. As Dent notes, the PMWA administrative exemption parallels the administrative exemption of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 213. See Baum v. Astra Zeneca, No. 09-2150, 372 F. App'x. 246, 248, n.4, 2010 U.S. App. LEXIS 6047 at *5, n.4 (3d Cir. Mar. 24, 2010). Federal regulations implementing the FLSA state that "work directly related to management or general business operations includes... work in functional areas such as... quality control." 29 C.F.R. § 541.201(b). As Pieretti's job title suggests, his main duties consisted of ensuring that the services the CPs rendered to Dent's customers were satisfactory. Nowhere in his testimony does Pieretti suggest otherwise. Although Pieretti may have occasionally performed manual labor such as pulling weeds,

there is no evidence that such tasks constituted a significant part of his job duties.

Pieretti also argues that he was not an exempt employee because he did not exercise independent judgment in the performance of his job duties.  He also contends that he did not work under only general supervision.  These arguments are without merit.  Federal regulations, which, as noted previously, have been used by courts in interpreting the PMWA, state that the exercise of discretion and independent judgment generally involves the "comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered."  29 C.F.R. § 541.202(a).

Pieretti's main job duties included conducting independent assessments of potential CPs, making recommendations to management based on those assessments, and developing corrective action plans for deficient CPs.  Pieretti was in charge of his geographic region and reported only to the company's management in Michigan.  Moreover, his job required evaluating possible courses of conduct, such as ways in which to approach any deficiencies in the work performance of the CPs, and whether or not a potential CP was qualified to subcontract with Dent.  The fact that Pieretti's recommendations were subject to rejection by Dent's management does not negate that he exercised independent judgment in making those recommendations. See O'Bryant v. City of Reading, 197 F. App'x. 134, 137 (3d Cir. 2006).

In Levitt v. Technical Education Services, 2012 U.S. DIST. LEXIS 111195 (E.D. Pa. Aug. 7, 2012), the court found that the plaintiff was "employed in a salaried, bona fide administrative capacity and that she was therefore exempted from the overtime requirements of both the FLSA and PMWA." Id. at *22. The court based its conclusion on the fact that the plaintiff, the director of admissions for a school, "had a vast amount of discretion and independent judgment in determining how to best recruit students i.e., how to perform her job." Id. Like Pieretti, the plaintiff in Levitt "set her own schedule and independently determined where she would be going, who she would be seeing and how she would be spending her time on any given work day." Moreover, she reported directly to upper-level management, as did Pieretti.

In sum, we find that the uncontradicted evidence before the court establishes that Pieretti held an exempt position at Dent under the PMWA. There is no evidence to the contrary that would raise a genuine dispute of material fact.

We next address Pieretti's breach of contract and WPCL claims. Pieretti argues that his contract with Dent impliedly obligated Dent to comply with the law, thus mandating overtime pay if Pieretti was not an exempt employee under the PMWA. Pieretti has produced no evidence of any contractual obligation on the part of Dent to pay him overtime wages. Pieretti's WPCL claim is similarly without merit. The WPCL serves as an enforcement mechanism for employees whose employers have breached a contractual obligation to pay them wages. See 43 Pa. Cons.

Stat. Ann. § 260.9a; <u>Hartman v. Baker</u>, 766 A.2d 347, 352 (Pa. Super. 2000).  It does not create an independent, substantive right to compensation.  As such, in the absence of a contractual right to overtime wages, the WPCL does not afford plaintiff a cause of action against Dent.

      The motion of defendant for summary judgment on all of plaintiff's claims will be granted.